## Case No. 14,389.

UNION PAPER-BAG MACH. CO. et al. v. NEWELL et al

[11 Blatchf 549; 1 Ban. & A. 113; 5 O. G. 459.] [1]

Circuit Court, S. D. New York. April 3, 1874.

PATENTS — INFRINGEMENT — PRELIMINARY INJUNCTION — MOTION TO DISSOLVE.

In a suit in equity for the infringement of letters patent, the answer did not state the name or residence of any person alleged to have had prior knowledge of the patented invention, or set up a defence of the abandonment of the invention to the public by the inventor, although it averred generally prior knowledge and use of the invention. The plaintiff took proofs for final hearing, and rested his case. The defendant took no proofs. The court then granted a preliminary injunction in the suit, restraining the infringement of one of the claims of the patent. Afterwards, and after the time for taking proofs had expired, the defendant, without having obtained leave to amend his answer, or an extension of the time for taking proofs, applied to the court to dissolve the injunction. In affidavits setting out matters intended to show that the invention covered by said first claim was, with the consent and allowance of the inventor, in public use, at a place named, for more than two years before the patent was applied for, and that the invention was previously known by persons named: *Held, that, inasmuch as such defences could not be availed of by the defendant in the taking of proofs for final hearing, they could not be availed of to dissolve the injunction.*

[This was a bill in equity by the Union Paper-Bag Machine Company against George L. Newell and George H. Mallary, brought on letters patent No. 49,951, granted to Benjamin S. Binney. Heard on motion to dissolve an injunction.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, reprinted in 1 Ban. & A. 113, and here republished by permission.]

Marcus P. Norton, for the motion.

George Harding and Horace Binney, opposed.

BLATCHFORD, District Judge. By the sixty-first section of the act of July 8th, 1870, (16 Stat. 208;) it is provided, that, in a suit in equity for relief against an alleged infringement of letters patent, certain specified defences may be pleaded, and proofs of the same may be given upon certain specified notice in the answer of the defendant, and with a certain specified effect. Among the defences specified in the section are, that the patentee "was not the original and first inventor or discoverer of any material and substantial part of the thing patented." and "that it had been in public use or on sale in this country, for more than two years before his application for a patent, or had been abandoned to the public." As to notice in the answer, the section requires, that, in giving such notice as to proof of previous invention, knowledge or use of the thing patented, the defendant shall state in the answer "the names and residences of the persons alleged to have invented, or to have had the prior knowledge of, the thing patented, and where and by whom it had been used." As to the effect specified, the section provides, that, "if any one or more of the special matters alleged shall be found for the defendant, judgment shall be rendered for him, with costs."

This is a suit in equity for relief against an alleged infringement by the defendants of letters patent of the United States, granted to Benjamin S. Binney, assignee of E. W. Goodale, as inventor, September 12th, 1865, for a "machine for making paper bags." The bill was filed May 13th, 1873. The answer was filed July 7th, 1873. The replication was filed August 25th, 1873. The plaintiff commenced taking proofs for final hearing, by the examination of witnesses orally, before an examiner, under the 67th rule in equity, as amended, and by the putting in of documentary proof, on the 23d of October, 1873. The plaintiff rested his case on the 6th of November, 1873. The defendants, so far as appears, have taken no proofs for final hearing. On the 26th of November, 1873, this court, after a full hearing of both parties, granted a preliminary injunction restraining the defendants from infringing the patent, by using the invention described and claimed in the first claim thereof. [Case No. 14,390.]

The answer of the defendants sets up, in general terms, a denial that E. W. Goodale was the original and first inventor of what is claimed in the patent, or of any substantial or material part thereof, and a denial "that the same was not known or used before, or that it was not, at the time of the application for letters patent, * * * in public use or on sale," and avers, in general terms, "that the said alleged invention and improvements contained in said letters patent were in public use and on sale for more than two years prior to the date of the aforesaid application for letters patent therefor, or of any invention of the same by and on the part of said E. W. Goodale." But the answer does not state the name or residence of any person whom it alleges to have previously invented, or to have had prior knowledge of, the thing patented, nor does it state where or by whom the thing patented had been previously used. Nor does it set up any defence of the abandonment of the invention to the public by E. W. Goodale, as inventor. Under this state of facts, the defendants not having obtained any leave to amend their answer, or any extension of the time for taking proofs, which has expired by the lapse of time, now apply to the court, on affidavits, to dissolve the injunction referred to. The affidavits seem to be intended, so far as they relate to defences authorized by the sixty-first section, to raise the defence that the invention covered by the first claim of the patent was, with the consent and allowance of E. W. Goodale, in public use at Clinton, in Massachusetts, for more than two years before the application for the patent was made, and, perhaps, the defence that E. W. Goodale was not the original and first inventor or discoverer of what is covered by the first claim of the patent. The plaintiff takes the objection, as a bar to the hearing of the application, so far as it rests on said defences, that, inasmuch as the defences attempted to be set up in the affidavits could not be availed of by the defendants in the taking of proofs for final hearing, both because the proofs are closed and the case is ready for final hearing, and because, also, the defendants have laid no foundation, in their answer, for putting in any proof to sustain such defences, such defences cannot be availed of to dissolve the injunction granted. This objection must prevail. No ground is shown, in any other respect, for dissolving the injunction.

In order to avoid any implication that the defences sought to be set up in the affidavits, as defences under the sixty-first section, would, on the papers put in on both sides on the application, be regarded as made out to such an extent at least as to warrant the dissolving of the injunction, or to have required the withholding of the injunction when originally granted, it is proper to say that an examination of such papers has led me to the conclusion, that no such result would follow from a consideration of the facts established by such papers.

The motion to dissolve the injunction is denied.